UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOCKET NO.

————————————————————

MICHAEL CORSI,

Plaintiff,                    COMPLAINT

-against-

HARTFORD LIFE INSURANCE
COMPANY,

Defendant.

————————————————————

Plaintiff, MICHAEL CORSI, by his attorney, MICHAEL SWAALEY, as and for his complaint against the defendant, alleges as follows:

## THE PARTIES

1.      The plaintiff, MICHAEL CORSI, is a resident of the County of Richmond, City and State of New York.

2.      At all times herein mentioned the plaintiff was employed as the Director of Prepress and Production, at a later date he was also made the Director of IT, by Crain Communications, Inc. a corporation with its place of business in the County of New York, City and State of New York.

3.      Defendant, HARTFORD LIFE INSURANCE COMPANY, (hereinafter referred to as "HARTFORD") is an insurance company licensed to do business in the State of New York.  HARTFORD maintains an office in the State of New York; its home office is located in Hartford, Connecticut.

## JURISDICTION

4.    The Court has jurisdiction of the matter pursuant to the Employee Retirement

Income and Security Act of 1974 (hereinafter referred to as "ERISA"), as amended, 29

U.S.C. Section 1001, et.seq. and more particularly 29 U.S.C. Sections 1132 ( a) (1) (b),

1132 (a) (3) and 1140 as well as 28 U.S.C. Sections 1331, 2201 and 2202.

## VENUE

5.    Venue is in the Southern District of New York pursuant to Section 502 (e) (2) of

ERISA, 29 U.S.C. Section 1132 (e) (2) since the plan is administered in this district and

the defendant maintains an office herein.

### AS AND FOR A FIRST
### CAUSE OF ACTION

6.    Defendant HARTFORD for good and valuable consideration, paid by Crain

Communications, Inc., sold, executed and delivered to Crain Communications, Inc., a

Group Long Term Disability Insurance Policy bearing policy number GL-376625 (the

"HARTFORD POLICY").  The HARTFORD POLICY was issued on the usual forms

used and prepared by the defendant HARTFORD.

7.    The HARTFORD Policy was effective on December 1, 1999 and has been

continuously renewed on an annual basis until Plaintiff's employment was terminated.

8.    Benefits are due and vested under the HARTFORD Policy.  At all times, the

plaintiff, MICHAEL CORSI, has complied with all conditions necessary for him to

receive benefits based on his disability.

9.    The definitions section of HARTFORD's long-term disability policy provides as

follows:

**Disability or Disabled** means you are prevented from performing one or more of the Essential Duties of:

1. Your Occupation during the Elimination Period;

2. Your Occupation, for the 36 month(s) following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of your indexed Pre-disability Earnings; and

3. after that Any Occupation.

If at the end of the Elimination Period, You are prevented from performing one or more of the Essential Duties of your Occupation, but Your Current Monthly Earnings are greater than 80% of Your Pre-disability Earnings, Your Elimination Period will be extended for a total period of 12 months from the original date of Disability, or until such time as Your Current Monthly Earnings are less than 80% of Your Pre-disability Earnings, whichever occurs first.

For the purposes of extending Your Elimination Period, Your Current Monthly Earnings will not include the pay You could have received for another job or a modified job if such was offered to You by Your Employer, or another employer, and You refused the offer.

Your Disability must result from:

1. accidental bodily injury;

2. sickness;

3. Mental Illness;

4. Substance Abuse; or

5. Pregnancy.

Your failure to pass a physical examination required to maintain a license to perform duties of Your Occupation, alone, does not mean that You are Disabled.

**Elimination Period** means the longer of the number of consecutive days at the beginning of any one period of Disability which must elapse before benefits are payable or the expiration of any Employer sponsored short term Disability benefits or salary continuation program, excluding benefits required by state law.

**Employer** means the Policyholder.

3

**Essential Duty means a duty that:**

1. is substantial, not incidental;

2. is fundamental or inherent to the occupation; and

3. cannot be reasonably omitted or changed.

Your ability to work the number of hours in Your regularly scheduled work week is also an Essential Duty.

10. Plaintiff, MICHAEL CORSI, became disabled on March 22, 2013. He was suffering from renal failure, which later resulted in a kidney transplant. He continues to have to suffer from frequent fatigue and constant pain caused by anti-rejection drugs that he will take for the rest of his life.

11. On March 22, 2013 and continuing to this date, the plaintiff was covered by the defendant's long-term disability policy.

12. At the time he became disabled the plaintiff was being treated by Paul G. Gazzara, M.D. and Jun B. Lee, M.D.

13. Plaintiff was and continues to be disabled because of the following conditions:

a. inability to use his left arm without extreme pain;

b. osteopenia and continuing bone degeneration;

c. fibromyalgia in all of his joints;

d. spells of dizziness and disorientation;

e. continuous hand shaking;

f. inability to sleep more than three hours; and

g. inability to sit more than 1-2 hours without extreme bone fatigue and pain

14.    As a result of these conditions, the plaintiff's treating physicians Paul G. Gazzara, M.D. and Jun B. Lee, M.D., have found the plaintiff to be permanently disabled.

15.    The Social Security Administration found the plaintiff to be entitled to a period of disability commencing on March 25, 2013 and to Disability Insurance Benefits under the Social Security Act.

16.    Upon information and belief, the award of Social Security disability benefits was based on the same evidence that was presented to the defendant, HARTFORD.

17.    HARTFORD initially paid Long Term Disability benefits to the plaintiff, commencing on June 24, 2013. In a letter dated June 16, 2016, the defendant denied plaintiff's Long Term Disability benefits alleging plaintiff was no longer disabled.

18.    Plaintiff, MICHAEL CORSI, appealed defendant HARTFORD's denial of his Long Term Disability benefits. Plaintiff's appeal was supported by reports from his treating physicians, Paul G. Gazzara and Jun B. Lee, who both concluded that plaintiff continues to be totally disabled.

19.    In a letter dated August 31, 2016, defendant, HARTFORD upheld their decision to deny plaintiff's Long Term Disability benefits and informed the plaintiff, MICHAEL CORSI that he had exhausted all administrative levels of appeal.

20.    Defendant, HARTFORD, terminated plaintiff's Long Term Disability benefits.

21.    Defendant's denial of plaintiffs Long Term Disability benefits ignored the findings and expert opinions of plaintiff's treating physicians that plaintiff continues to be disabled and unable to work.

22.    There are no further internal steps to appeal the denial within the defendant HARTFORD.

23.    Under the terms of the HARTFORD Policy the plaintiff is clearly entitled to Long Term Disability benefits for her continuing disabilities.

24.    Defendant's denial of plaintiff's Long Term Disability benefits was arbitrary and capricious and in violation of ERISA.

25.    As part of the denial of plaintiff's Long Term Disability benefits, the Defendant also terminated his claim for Life Insurance waiver of premium benefits.

26.    Defendant's denial of the waiver of premium was arbitrary and capricious.


## DEMAND FOR RELIEF


**WHEREFORE**, plaintiff demands a judgment against the defendant containing the following relief:

a)  A declaratory judgment that the defendant violated plaintiff's rights pursuant to ERISA;

b)  That the Court direct the defendant to pay to plaintiff Long Term Disability Benefits from June 16, 2016, the date of the improper denial, and that such benefits continue in the future;

c)  That the Court direct the defendant to restore his waiver of premium benefits.

(d) That the Court award reasonable attorney's fees and costs of this action pursuant to ERISA, 20 U.S.C. Section 1132(g);

(e) That the Court award interest on any benefits from June 16, 2016, the date of the improper denial, until the date of payment; and

(f) Any other relief as the Court deems just and proper.

**Dated:  Staten Island, New York**
**November 9, 2016**

MICHAEL SWAALEY, (MS 1079)
ATTORNEY FOR PLAINTIFF
811 CASTLETON AVENUE, 1ST FLOOR
STATEN ISLAND, NEW YORK 10310
(718) 227-3100

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MICHAEL CORSI,

Plaintiff,

-against-

HARTFORD LIFE INSURANCE COMPANY,

Defendant.

## COMPLAINT

**MICHAEL SWAALEY**
*Attorney for*    **Plaintiffs**
811 CASTLETON AVENUE, 1ST FLOOR
STATEN ISLAND, NEW YORK 10310
(718) 227-3100

Service of a copy of the within                     is hereby admitted.

Dated,

Attorney(s) for          ...........................................................

Sir: Please take notice

*NOTICE OF ENTRY*
That the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on

*NOTICE OF SETTLEMENT*
That an order                               of which the within is a true copy will be presented for
settlement to the HON.                      one of the judges

of the within named Court, at
on the          day of          20     at      M.

Dated,

MICHAEL SWAALEY
*Attorney for*
To
                          811 CASTLETON AVENUE, 1ST FLOOR
Attorney(s) for           STATEN ISLAND, NEW YORK 10310
                          (718) 227-3100

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

Dated: _____    _____
                              Print signer's name